**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 08-875-VAP (OPx)                                      Date:  August 18, 2008

Title:      US BANK NATIONAL ASSOCIATION -v- GORDON LYONS, ANNA LYONS; and DOES 1 through 100, inclusive
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

      Marva Dillard                                                         None Present
      Courtroom Deputy                                                 Court Reporter

ATTORNEYS PRESENT FOR                               ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                       DEFENDANTS:

      None                                                                   None

PROCEEDINGS:      MINUTE ORDER GRANTING MOTION TO REMAND (IN CHAMBERS)

      The Court has received and considered all papers filed in support of Plaintiff's Motion to Remand.  The Motion is appropriate for resolution without oral argument.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons set forth below, the Motion is GRANTED.

      Plaintiff U.S. Bank National Association, Trustee filed a Complaint in California Superior Court for the County of Riverside on March 17, 2008, naming as Defendants Gordon Lyons and Anna Lyons.  On July 3, 2008, Plaintiff's Complaint
///
///

EDCV 08-875-VAP (OPx)
US BANK NATIONAL ASSOCIATION v GORDON LYONS, ANNA LYONS; and DOES 1 through 100, inclusive
MINUTE ORDER of August 18, 2008

was removed by Eric Glover ("Glover").[1]  Plaintiff filed a Motion to Remand on July 31, 2008.  Plaintiff did not file an Opposition.

Removal is inappropriate when the district court would not have original jurisdiction over the case.  See 28 U.S.C. § 1441(a).  A case shall be remanded when the court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

Glover's Notice of Removal fails to state any grounds for jurisdiction in the United States District Court; nor is any basis for jurisdiction apparent on the face of the pleadings.   There is no federal question presented in the Complaint, which asserts one claim for unlawful detainer.  See 28 U.S.C. § 1331.  The Notice of Removal also fails to set forth any facts regarding the citizenship of the parties, and thus fails to state grounds for diversity jurisdiction.  See 28 U.S.C. § 1332(a).

Moreover, even assuming the parties were of diverse citizenship, Glover has failed to establish that at least $75,000 is in controversy in this case.  See id.  The amount in controversy is the amount sought in the plaintiff's complaint.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).  Where the complaint is ambiguous as to the amount in controversy, the defendant bears the burden of establishing by a preponderance of the evidence that the plaintiff claims at least $75,000.  Id.  Here, Glover has failed to meet his burden of establishing that Plaintiff claims at least $75,000.

Plaintiff requests attorney's fees.  On granting a motion for remand, a court may, at its discretion, order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).  It is not necessary,

---

[1] Eric Glover is not named as a Defendant in the Complaint.  In the Notice of Removal, Glover refers to the defendants in the action as "Eric Glover / Gordon Lyons and Does 1 to 100."  In its Motion, Plaintiff refers to Glover as a Defendant in this action.  (See, e.g., Mot. at 4 (referring to "Defendant Eric Glover").)

EDCV 08-875-VAP (OPx)
US BANK NATIONAL ASSOCIATION v GORDON LYONS, ANNA LYONS; and DOES 1 through 100, inclusive
MINUTE ORDER of August 18, 2008

however, to show that the removing party acted in bad faith or that removal was "frivolous, unreasonable or without foundation." Id. at 138-39.

The purpose of allowing awards of attorneys' fees and costs in such a case is to deter the abuse, unnecessary expense and harassment resulting from an improper removal. Circle Industries USA, Inc. v. Parke Const. Group, Inc., 183 F.3d 105, 109 (2d Cir. 1999). Those purposes will be served by an award of fees here. Glover had no objectively reasonable basis for removal. He failed to satisfy the most basic requirements for removal: jurisdiction and joinder of all defendants. Glover failed to join his co-defendant Anna Lyons in the Notice of Removal. See Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986) (holding that an action cannot be removed unless all defendants join in the removal). Indeed, it is not clear that Glover is even a Defendant in this action. (See supra n.1.) Plaintiff and the Court both incurred unnecessary expense. Accordingly, an award of attorneys' fees is appropriate.

Plaintiff's counsel declares that her office spent four and a half hours preparing the motion to remand at a billing rate of $175.00. (Vigil Decl. ¶ 7.) The Court finds that this amount of time was reasonably expended on the Motion for Remand. See Davis v. City and County of San Francisco, 976 F.2d 1536, 1544 (9th Cir. 1992). The hourly rates stated by counsel are reasonable. Plaintiff is therefore entitled to $787.50 in attorneys' fees.

Accordingly, the Court GRANTS the Motion for Remand, VACATES the August 25, 2008 hearing on the Motion, and ORDERS Eric Glover to pay Plaintiff U.S. Bank National Association attorneys' fees of $787.50.

**IT IS SO ORDERED.**